**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SIX CONTINENTS HOTELS, INC. and SIX CONTINENTS LIMITED, | Civil Action No. _____ |
| Plaintiffs | |
| v. | **JURY TRIAL DEMANDED** |
| OMNI HOTELS CORPORATION and OMNI HOTELS MANAGEMENT CORPORATION, | |
| Defendants. | |

## COMPLAINT

Plaintiffs Six Continents Hotels, Inc. and Six Continents Limited (individually and collectively along with predecessors in interest, "IHG") bring this Complaint against Defendants Omni Hotels Corporation and Omni Hotels Management Corporation (individually and collectively, "Omni"), alleging as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, trade dress infringement, and unfair competition under federal, Georgia state, and common law, and deceptive trade practices under Georgia state law.

2.      With a rich history spanning over 200 years, IHG is one of the world's largest and most well-known hotel companies, with a portfolio of nearly 20 hotel brands. IHG has invested significant resources developing a distinctive visual brand identity comprised of its signature deep blue color, its logo design, and the unique look and feel of its website and other marketing

materials. IHG's visual brand identity enables consumers and others to readily identify and distinguish IHG and its hotel services from competitors.

3.     IHG's direct competitor, Omni, recently rebranded. But rather than selecting its own distinctive brand identity from the infinite options available to it, Omni elected instead to mimic IHG.

4.     Omni adopted a virtually indistinguishable shade of IHG's deep blue color:

**IHG's Primary Brand Color**     **Omni's Primary Brand Color**



5.     Omni transformed its corporate logo from one prominently featuring a flower design with "HOTELS & RESORTS" in equal prominence to OMNI to a new logo jettisoning the flower design and mirroring the overall look and feel of IHG's logo. Like IHG's logo, Omni's copycat logo appears atop its website.

**Prior Omni Logo**



**IHG's Logo**                    **New Omni Logo**

     

6.     Omni did not stop with IHG's color and logo. It also copied numerous other distinctive features of IHG's website, creating an overall look and feel for its website that consumers are likely to confuse with IHG.

2

**IHG's Website**                    **Omni's Website**

  

7.     Omni's intent is obvious and inescapable: to gain an instant marketplace boost by passing itself off as IHG and/or one of IHG's hotel brands.

8.     IHG thus seeks permanent injunctive relief and other remedies to protect its trademarks, business, reputation, and the public.

## PARTIES AND JURISDICTION

9.     Plaintiff Six Continents Hotels, Inc. is a Delaware corporation with a principal place of business at Three Ravinia Drive, Suite 100, Atlanta, Georgia, 30346.

10.     Plaintiff Six Continents Limited is a British multinational corporation with a principal place of business at 1 Windsor Dials, Arthur Road, Windsor, Berkshire, SL4 1RS, United Kingdom.

11.     Defendant Omni Hotels Corporation is a Delaware corporation with its principal place of business at 4001 Maple Avenue, Suite 600, Dallas, Texas 75219.

12.     Defendant Omni Hotels Management Corporation is a Delaware corporation with its principal place of business at 4001 Maple Avenue, Suite 600, Dallas, Texas 75219.

13.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). The Court has supplemental jurisdiction over IHG's state-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

14. This Court has personal jurisdiction over Omni because it has purposely availed itself of the privilege of conducting business in the District. Omni has hotel properties in this District and offers, markets, promotes, and sells its services in connection with its infringing activities to consumers located in the District. Moreover, IHG's intellectual property is within the District and IHG is being harmed in this District from Omni's infringing activities.

15. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to IHG's claims occurred in this District and because the property that is the subject of the action—i.e., IHG's asserted intellectual property—is situated in this District, where IHG maintains its U.S. headquarters and principal place of business.

## IHG, ITS SERVICES, AND ITS DISTINCTIVE BRAND IDENTITY

16. With its history tracing back to The Bass Brewery, founded in 1777, IHG, through its predecessors, was initially famous for its beer and pub services before becoming one of the world's largest, most successful, and well-known hotel companies.

17. IHG has long been recognized as a pioneer in the hotel industry. Among its many important innovations that have forever changed the industry, IHG offered the first hotel franchising model in 1954, the first computerized reservation system in 1965, and the first hotel loyalty rewards program in 1983.

18. Over the years, IHG has developed some of the most well-known and trusted hotel brands. For example, in 1946, IHG launched what would become one of the world's first luxury international hotel chains under the INTERCONTINENTAL brand. And in 1952, IHG debuted its HOLIDAY INN brand designed to offer quality, affordable, and dependable accommodations to U.S. travelers. By 1956, HOLIDAY INN had become the world's largest hotel brand.

19.     Today, IHG's growing portfolio consists of nearly 20 hotel brands with more than 6,200 properties located across 100+ countries. IHG offers a loyalty rewards program, IHG ONE REWARDS, which provides points redeemable for hotel stays as well as various guest experience enhancements and benefits to loyalty members, including access to exclusive credit cards, special room rate discounts, dedicated booking services, early check-in and late check-out, room upgrades and amenities, and elite lounge access. The IHG ONE REWARDS program has become one of the world's largest loyalty programs with more than 130 million members.

20.     In February 2021, following extensive effort and significant investment by the company, IHG publicly announced its launch of a new visual brand identity to further reflect the company's evolving story and portfolio. IHG's announcement was widely reported in the hotel industry and elsewhere.

### *IHG's Deep Blue Trademark*

21.     IHG selected a distinctive shade of blue (the "Deep Blue Mark"), shown below, to serve as its primary corporate color.



22.     Since February 2021, IHG has used the Deep Blue Mark prominently in connection with the advertisement and sale of its hotel services, loyalty program, and other services. Through IHG's extensive use over this time, consumers have come to recognize the Deep Blue Mark as one of IHG's trademarks identifying the source of IHG's services.

23.     IHG spent significant amounts of money between 2021-2023 in the United States to advertise, promote, and market its hotels and resorts, loyalty rewards program, and other offerings using nearly every form of media, including but not limited to the IHG website at

https://www.ihg.com/ ("IHG's website"), mobile application, and social media accounts; nationally televised commercials; print advertising; and billboards and signage.

24.    IHG's Deep Blue Mark has been prominently featured throughout these marketing and promotional materials/outlets. For example, the Deep Blue Mark appears immediately and throughout IHG's website, which is one of the main ways consumers learn about and make bookings for IHG's 6,200+ properties. IHG's website also features IHG's loyalty program, credit cards, mobile application, and many other IHG services and products. Representative images of IHG's website appear below.



25.     In addition, IHG's Deep Blue Mark is prominently used throughout IHG's mobile application. IHG's app allows users to, among other things, search for and book hotel accommodations, access trip details, and track and redeem rewards accumulated through IHG's loyalty program. IHG's app has been downloaded on more than 10 million devices and consistently ranks among the top apps in the travel category of the Apple App Store and Google Play Store, where the app is available for free download. Representative images of IHG's app appear below.



26.     IHG's Deep Blue Mark is also prominently displayed on IHG's social media accounts on Instagram, Twitter, Facebook, and LinkedIn through which IHG regularly interacts with its millions of followers. Representative images from IHG's social media accounts appear below.






27.     IHG's widespread use of the Deep Blue Mark extends to its advertisements in other digital channels, such as web banners, videos, and email newsletters. Representative images of IHG's digital advertising appear below.











 

28.     IHG's Deep Blue Mark has also been prominently featured in nationally televised commercials on popular networks and streaming services, such as ABC, ESPN, NBC, CBS, Fox, Fox Sports 1, Hulu, Amazon Prime, Peacock, and Disney+. Still images from representative television commercials appear below.

 



29.     The Deep Blue Mark similarly appears in IHG's print advertisements, including in direct mailings and well-known newspapers and magazines, such as *The New York Times*, *The*

*Wall Street Journal*, *People*, *AFAR*, *Sports Illustrated*, and *Southern Living*. Representative images of IHG's print advertisements appear below.




30.     IHG's Deep Blue Mark has also been featured on signage and billboards across major U.S. transport hubs and other heavily trafficked locations. For example, IHG's Deep Blue Mark has appeared on thousands of signs and billboards throughout major U.S. airports, such as Atlanta Hartsfield-Jackson Airport, Dallas/Fort Worth International Airport, O'Hare International Airport, San Francisco International Airport, Washington (Dulles) International Airport, and Logan International Airport. Further, in 2022 and 2023, the exteriors of New York City subway trains and buses were fully wrapped in IHG's Deep Blue Mark and corresponding ads. Representative images of IHG signage and billboards appear below.




 



31.     In addition to advertising, IHG has also promoted its hotel and other services using the Deep Blue Mark through various high-profile partnerships and sponsorships for major sports and cultural events, motorsports activities, and various charitable and nonprofit endeavors.

32.     For example, IHG has sponsored many high-profile music and film festivals, including the Lollapalooza Festival in Chicago, Music Midtown in Atlanta, Governors Ball Music Festival in New York City, Austin City Limits Music Festival, and Palm Springs International Film Festival. IHG's Deep Blue Mark appears on various banners, signage, and promotional giveaways throughout these festivals, e.g.:

 





33.     IHG is the official hotel partner and hotel loyalty program of the U.S. Open Tennis Championships held annually in Queens, New York. IHG's Deep Blue Mark has been prominently displayed at and in connection with the prestigious tennis tournament, including in print and digital advertisements, on stadium advertising boards, and on digital displays, e.g.:







34.     IHG has also hosted official U.S. Open events where IHG has used its Deep Blue Mark in a myriad of ways. For example, at the 2023 U.S. Open, IHG launched the IHG Athletic Club, a pop-up social club where IHG's Deep Blue Mark was used on pickleball courts, signage, and promotional giveaways, e.g.:



35.     In June 2022, IHG was named the Official Hotel Partner of Major League Soccer (MLS)—the fastest growing professional sports league in North America. As part of this

partnership, IHG's Deep Blue Mark has been prominently featured at major MLS events, including the MLS All-Star Game, MLS Cup Playoffs, and MLS Cup, e.g.:



36.     As a result of IHG's widespread use of the Deep Blue Mark in its marketing and promotional materials, the Deep Blue Mark has been the subject of billions of consumer impressions.

37.     IHG and its Deep Blue Mark have also received extensive unsolicited media attention and are regularly featured in major publications and media platforms, such as *Forbes*, *BBC News*, *Bloomberg*, *Good Morning America*, *CNN*, *People*, *Skift*, and *Yahoo*, to name a few.



38.     IHG's hotel services offered under the Deep Blue Mark have received many significant awards, such as *Stella Awards*' Best Global Hotel Chain, *Global RepTrak 100*, *Global*

*Traveler*'s Best Hotel Rewards Program, *The Points Guy*'s Best Hotel Loyalty Enhancement, *Go Travel Awards*' Most Inspiring Loyalty Program, *Fortune*'s 100 Best Workplaces for Women, *Hospitality Technology*'s Hotel Visionary Award, and *Human Rights Campaign Foundation*'s Equality 100 Award, among others.

39.     As a result of the activities addressed above featuring the Deep Blue Mark, IHG has achieved considerable commercial success. From 2021 to the present, IHG has generated billions in revenue in the United States. A substantial percentage of IHG's U.S. revenue is derived from room bookings made through IHG channels utilizing the Deep Blue Mark. For example, from February 2021 through July 2023, U.S. consumers made more than 40 million bookings through IHG's website and mobile application, which, as detailed above, both prominently feature IHG's Deep Blue Mark.

40.     IHG's Deep Blue Mark is nonfunctional, as the color serves no purpose other than to identify IHG and its services.

41.     As a result of IHG's widespread use and promotion of its Deep Blue Mark and significant commercial success under the mark, the Deep Blue Mark has acquired secondary meaning as a distinctive indicator of source for IHG's services described above and embodies immeasurable goodwill.

### *IHG's Website Trade Dress*

42.     Since launching its current visual brand identity in February 2021, IHG's website has consistently used a distinctive design to distinguish IHG and its services from others in the marketplace. The distinctive appearance of IHG's website includes the following features—the combination of which create a distinctive trade dress that is uniquely associated with IHG (the "Website Trade Dress"):

a.   Consistent placement of the IHG HOTELS & RESORTS trademark ("IHG H&R Trademark"), covered by U.S. Reg. No. 7,080,612, at the top of the website in a custom-designed font style depicted here:



b.   Prominent use of a color scheme featuring the Deep Blue Mark and white for background and text, e.g.:

c.   A header located at the top of the webpage, featuring (i) the IHG H&R Trademark with "IHG" in a wide typeface adjacent to "HOTELS & RESORTS" in a slightly smaller sans-serif typeface with no accompanying design elements, and (ii) menu options each in a sans-serif typeface, e.g.:



d.    Use of the IHG H&R Trademark, displaying "IHG" and "HOTELS &

RESORTS" in both (i) white text with the Deep Blue Mark as background

and (ii) black text with a white background, e.g.:





e.    Use of the IHG H&R Trademark, displaying "IHG" (i) above "HOTELS

& RESORTS" and (ii) to the left of "HOTELS & RESORTS," e.g.:





f.    Destination-by-interest pages featuring (i) the header; (ii) an image

depicting a destination type (e.g., beaches, mountains) below the header;

18

(iii) text of the destination type (e.g., beach hotels & resorts, ski resorts) overlaying the image; and (iv) a destination search bar below the image, e.g.:



43.    IHG uses its Website Trade Dress on both the desktop and mobile versions of its website. Representative screenshots of IHG's website are attached hereto as Exhibit A.

44.    From February 2021 through August 2023, IHG's website attracted millions of monthly visitors who were located in the United States.

19

45.     IHG conducts a significant portion of its business through its website. For example, from February 2021 through August 2023, U.S. consumers made more than 20 million room bookings through IHG's website.

46.     IHG's Website Trade Dress is nonfunctional, as the arbitrary combination of features comprising the trade dress serve no purpose other than to identify IHG and its services.

47.     IHG's Website Trade Dress is inherently distinctive and protectable. Alternatively, IHG's Website Trade Dress has become protectable through acquired distinctiveness resulting from its exclusive, extensive, widespread, and consistent use in connection with IHG and IHG's hospitality services as addressed above, and the significant commercial success of IHG services offered in connection with IHG's Website Trade Dress.

## OMNI'S WRONGFUL ACTS

48.     Omni recently launched a new visual brand identity. According to Omni's press statements, this change marked Omni's "first major shift in visual identity in more than a decade" and embodies "a fresh logo and visual design" as part of Omni's "new look and feel." Yet, Omni selected an identity, including a color and website design, that was neither "fresh" nor "new," but rather one that is virtually indistinguishable from IHG's Deep Blue Mark and Website Trade Dress.

49.     Of all the colors in the spectrum, Omni chose a shade of blue (the "Infringing Color") that is virtually indistinguishable from IHG's Deep Blue Mark.

**IHG's Deep Blue Mark**          **Omni's Infringing Color**



50.    Like IHG, Omni uses the Infringing Color in a variety of digital and print channels, including online, social media, and television commercials, to advertise, market, and promote hospitality services in direct competition with IHG, as shown below:















51.     Omni also selected a new logo to replace its previous logo that prominently featured a distinctive flower design and the words "OMNI" and "HOTELS & RESORTS" all in the same font style and size, e.g.:

**Omni's Prior Logo**          **Omni's New Logo**

52.     Omni's new logo not only incorporates the Infringing Color but also features other elements that mimic those featured in IHG's logo, including the font style and relative font size of "OMNI" and "HOTELS & RESORTS," e.g.:

**IHG's Logo**          **Omni's New Logo**

53.     In addition to using the Infringing Color and new logo, Omni also adopted a website design (the "Infringing Website Design") that closely imitates IHG's Website Trade Dress by incorporating many of the same elements, e.g.:

a.      Consistent placement of OMNI HOTELS & RESORTS at the top of the website in the font style depicted here:



b.      Prominent use of a color scheme featuring the Deep Blue Mark and white for background and text, e.g.:

23

**IHG's Website Trade Dress**                    **Omni's Infringing Website Design**








c.   A header located at the top of the webpage, featuring (i) "OMNI" in a
wide typeface adjacent to "HOTELS & RESORTS" in a slightly smaller
sans-serif typeface with no accompanying design elements, and (ii) menu
options each in a sans-serif typeface, e.g.:

| **IHG's Website Trade Dress** | **Omni's Infringing Website Design** |
|---|---|



    d.    Use of "OMNI HOTELS & RESORTS" in both (i) white text with the

Deep Blue Mark as background, and (ii) black text with a white

background, e.g.:

| **IHG's Website Trade Dress** | **Omni's Infringing Website Design** |
|---|---|







    e.    Use of "OMNI" both (i) above "HOTELS & RESORTS" and (ii) to the

left of "HOTELS & RESORTS," e.g.:

| **IHG's Website Trade Dress** | **Omni's Infringing Website Design** |
|---|---|




 

f.      Destination-by-interest pages featuring (i) the header; (ii) an image

depicting a destination type (e.g., beaches, mountains) below the header;

(iii) text of the destination type (e.g., beach hotels & resorts, ski resorts)

overlaying the image; and (iv) a destination search bar below the image,

e.g.:

| **IHG's Website Trade Dress** | **Omni's Infringing Website Design** |
|---|---|
|  |  |
|  |  |







54.     Like IHG, Omni offers a desktop and mobile version of its website, both of which incorporate the Infringing Website Design. Representative screenshots of Omni's website are attached hereto as Exhibit B.

55.     Through its website and mobile application, Omni offers many of the same services that IHG offers through the IHG website and mobile application, including hotel booking services, loyalty services, meeting and event services, restaurant services, and spa services.

56.     Aware of IHG, its trademark rights, and its widespread recognition in the hotel industry, Omni knew or should have known that its use of the Infringing Color and/or Infringing Website Design would likely cause confusion with IHG and trade off the reputation IHG has worked tirelessly to build over the years.

## INJURY TO IHG AND THE PUBLIC

57.     Omni's use of the Infringing Color and Infringing Website Design are likely to cause confusion, mistake, and/or deception as to the source or origin of Omni's services, and are likely to falsely suggest a sponsorship, connection, or association between Omni, its services, and/or its commercial activities with IHG and its services.

58.     Omni's acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure IHG and its trademark rights.

59.     Omni's acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure the public, who has an interest in being free from confusion, mistake, and deception. Because Omni is offering identical and/or closely related services to IHG's services using a primary brand color and website design indistinguishable from IHG's Deep Blue Mark and Website Trade Dress, consumer confusion is likely.

60.     Omni has acted knowingly, willfully, in reckless disregard of IHG's rights, and in bad faith.

## COUNT I
### Trademark Infringement, False Designation of Origin, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

61.     IHG repeats and realleges each and every allegation in Paragraphs 1-60 as if fully set forth herein.

62.     IHG's Deep Blue Mark is and has been distinctive since before Omni's first use of the Infringing Color based on, among other things, extensive nationwide use, promotion, commercial success, and marketplace recognition.

63.     Omni's uses of the Infringing Color, as described above, are likely to cause confusion, or mistake, or to deceive as to the origin, affiliation, connection, association, sponsorship, or approval of Omni, its services, and/or its commercial activities by or with IHG, and thus constitute trademark infringement, false designation of origin, and/or unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT II**
**Trade Dress Infringement, False Designation**
**of Origin, and Unfair Competition**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

64.     IHG repeats and realleges each and every allegation in Paragraphs 1-63 as if fully set forth herein.

65.     IHG's Website Trade Dress is and has been distinctive since before Omni's first use of the Infringing Website Design, based on, among other things, its inherent distinctiveness or acquired distinctiveness through extensive nationwide use, promotion, commercial success, and marketplace recognition.

66.     Omni's use of the Infringing Website Design, as described above, is likely to cause confusion, or mistake, or to deceive as to the origin, affiliation, connection, association, sponsorship, or approval of Omni, its services, and/or its commercial activities by or with IHG, and thus constitutes trade dress infringement, false designation of origin, and/or unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT III**
**Trademark Infringement and Unfair Competition**
**Under O.C.G.A. § 23-2-55**

67.     IHG repeats and realleges each and every allegation in Paragraphs 1-66 as if fully set forth herein.

68.     Georgia's O.C.G.A. § 23-2-55 prohibits any attempt to encroach upon the business of another by the use of similar trademarks or names with the intention of deceiving and misleading the public.

69.     Omni's aforementioned activities have damaged IHG and will, unless enjoined by the Court, further impair the value of IHG's Deep Blue Mark, reputation, and goodwill. This harm constitutes an injury for which IHG has no adequate remedy at law.

70.     By reason of the foregoing, IHG is entitled to permanent injunctive relief against Omni, restraining it and all those in active concert and participation with Omni from any further acts of encroaching on IHG's business and recovery of any damages (to the extent calculable) proven to have been caused by reason of Omni's aforesaid acts, among other remedies provided for by law.

**COUNT IV**
**Trade Dress Infringement and Unfair Competition**
**Under O.C.G.A. § 23-2-55**

71.     IHG repeats and realleges each and every allegation in Paragraphs 1-70 as if fully set forth herein.

72.     Georgia's O.C.G.A. § 23-2-55 prohibits any attempt to encroach upon the business of another by the use of similar trademarks or names with the intention of deceiving and misleading the public.

73.     Omni's aforementioned activities have damaged IHG and will, unless enjoined by the Court, further impair the value of IHG's Website Trade Dress, reputation, and goodwill. This harm constitutes an injury for which IHG has no adequate remedy at law.

74.     By reason of the foregoing, IHG is entitled to permanent injunctive relief against Omni, restraining it and all those in active concert and participation with Omni from any further acts of encroaching on IHG's business and recovery of any damages (to the extent calculable)

proven to have been caused by reason of Omni's aforesaid acts, among other remedies provided for by law.

**COUNT V**
**Deceptive Trade Practices**
**Under O.C.G.A. § 10-1-372 et seq.**

75.     IHG repeats and realleges each and every allegation in Paragraphs 1-74 as if fully set forth herein.

76.     Omni's aforementioned activities constitute deceptive trade practices in violation of Georgia law, O.C.G.A. § 10-1-372 et seq.

77.     Omni's conduct has damaged IHG and will, unless enjoined by the Court, further impair the value of IHG's Deep Blue Mark, reputation, and goodwill. This harm constitutes an injury for which IHG has no adequate remedy at law.

78.     By reason of the foregoing, IHG is entitled to permanent injunctive relief against Omni, restraining it and all those in active concert and participation with Omni from any further acts of deceptive trade practices and recovery of any damages (to the extent calculable) proven to have been caused by reason of Omni's aforesaid acts, among other remedies provided for by law.

**COUNT VI**
**Deceptive Trade Practices**
**Under O.C.G.A. § 10-1-372 et seq.**

79.     IHG repeats and realleges each and every allegation in Paragraphs 1-78 as if fully set forth herein.

80.     Omni's aforementioned activities constitute deceptive trade practices in violation of Georgia law, O.C.G.A. § 10-1-372 et seq.

81.     Omni's conduct has damaged IHG and will, unless enjoined by the Court, further impair the value of IHG's Website Trade Dress, reputation, and goodwill. This harm constitutes an injury for which IHG has no adequate remedy at law.

31

82.     By reason of the foregoing, IHG is entitled to permanent injunctive relief against Omni, restraining it and all those in active concert and participation with Omni from any further acts of deceptive trade practices and recovery of any damages (to the extent calculable) proven to have been caused by reason of Omni's aforesaid acts, among other remedies provided for by law.

## COUNT VII
### Trademark Infringement and Unfair Competition
### <u>Under Georgia Common Law</u>

83.     IHG repeats and realleges each and every allegation in Paragraphs 1-82 as if fully set forth herein.

84.     IHG has common law rights in its Deep Blue Mark throughout the country, including in Georgia.

85.     Omni's aforementioned actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Omni with IHG or its Deep Blue Mark, or as to the origin, affiliation, connection, association, sponsorship, or approval of Omni, its services, and/or its commercial activities by or with IHG.

86.     Omni has acted, and continues to act, willfully, deliberately, and with full knowledge of IHG's use of and common law rights in its Deep Blue Mark and without regard to the likelihood of confusion and misleading of the public created by Omni's actions.

87.     Omni's acts constitute infringement of IHG's proprietary rights in its Deep Blue Mark, misappropriation of IHG's goodwill in that mark, and unfair competition under Georgia common law.

88.     Omni's conduct has irreparably damaged IHG and will, unless enjoined by the Court, further impair the value of IHG's Deep Blue Mark, reputation, and goodwill. This harm constitutes an injury for which IHG has no adequate remedy at law.

32

## COUNT VIII
### Trade Dress Infringement and Unfair Competition
### <u>Under Georgia Common Law</u>

89.     IHG repeats and realleges each and every allegation in Paragraphs 1-88 as if fully set forth herein.

90.     IHG has common law rights in its Website Trade Dress throughout the country, including in Georgia.

91.     Omni's aforementioned actions are likely to cause confusion, or to cause mistake, or to deceive as to the origin, affiliation, connection, association, sponsorship, or approval of Omni with IHG or its Website Trade Dress, or as to the origin, sponsorship, or approval of Omni, its services, and/or its commercial activities by or with IHG.

92.     Omni has acted, and continues to act, willfully, deliberately, and with full knowledge of IHG's use of and common law rights in its Website Trade Dress and without regard to the likelihood of confusion and misleading of the public created by Omni's actions.

93.     Omni's acts constitute infringement of IHG's proprietary rights in its Website Trade Dress, misappropriation of IHG's goodwill in that trade dress, and unfair competition under Georgia common law.

94.     Omni's conduct has irreparably damaged IHG and will, unless enjoined by the Court, further impair the value of IHG's Website Trade Dress, reputation, and goodwill. This harm constitutes an injury for which IHG has no adequate remedy at law.

### <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, IHG respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including the following:

1.      An Order declaring that Omni's use of the Infringing Color infringes the Deep Blue Mark and constitutes deceptive trade practices and unfair competition under federal and/or state law, as detailed above;

2.      An Order declaring that Omni's use of the Infringing Website Design infringes IHG's Website Trade Dress and constitutes deceptive trade practices and unfair competition under federal and/or state law, as detailed above;

3.      An Order, enjoining Omni, its officers, directors, employees, agents, subsidiaries, distributors, dealers, related companies, and all persons in active concert or participation with any of them:

> a)  From using, registering, or seeking to register any name, mark, logo, trade name, company name, source identifier, or designation comprised of or containing IHG's Deep Blue Mark, Website Trade Dress, or any other confusingly similar name, mark, logo, trade dress, trade name, company name, source identifier, or designation in any manner likely to cause confusion with IHG's Deep Blue Mark or Website Trade Dress, or to otherwise injure IHG and/or its reputation;
>
> b)  From representing, by any means whatsoever, directly or indirectly, that Omni, its services, and/or its activities originate from, are sponsored by, or are associated, affiliated, or connected with IHG in any way; and
>
> c)  From assisting, aiding, and/or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs 3(a) through 3(b) above;

4.      An Order requiring Omni to immediately retract and destroy all signage, advertisements, promotional materials, stationery, forms, and/or materials and things that contain or bear the Infringing Color, the Infringing Website Design, and/or any other name, mark, logo, trade dress, trade name, company name, source identifier, or designation that contains or is confusingly similar to IHG's Deep Blue Mark or Website Trade Dress;

5.      An Order directing that, within thirty (30) days after the entry of the injunction, Omni file with this Court and serve on IHG's attorneys a report in writing and under oath setting forth in detail the manner and form in which Omni complied with the injunction;

6.      An Order requiring Omni to account for and pay to IHG all profits arising from Omni's unlawful acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

7.      An Order requiring Omni to pay IHG damages, in an amount to be determined, resulting from Omni's unlawful acts pursuant to 15 U.S.C. § 1117 and other applicable laws;

8.      An Order requiring Omni to pay IHG punitive damages under Georgia law, O.C.G.A. § 51-12-5.1, in an amount to be determined due to the foregoing willful acts of Omni;

9.      An Order requiring Omni to pay IHG's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and Georgia law, O.C.G.A. § 10-1-373, and other applicable laws; and

10.     Other relief as the Court may deem just and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IHG demands trial by jury in this action of all issues triable by jury in this matter.

Dated: February 28, 2024

Respectfully submitted,

/s/ *R. Gordon Wright*
Danny M. Awdeh (*pro hac vice* pending)
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
**FINNEGAN, HENDERSON, FARABOW
    GARRETT & DUNNER, LLP**
danny.awdeh@finnegan.com

Laura K. Johnson (*pro hac vice* pending)
Two Seaport Lane
Boston, MA 02210
Telephone: (617) 646-1600
Facsimile: (617) 646-1666
**FINNEGAN, HENDERSON, FARABOW
    GARRETT & DUNNER, LLP**
laura.johnson@finnegan.com

R. Gordon Wright (Ga. Bar No. 321339)
271 17th Street, NW, Suite 1400
Atlanta, GA 30363
Telephone: (404) 653-6400
Facsimile: (404) 653-6444
**FINNEGAN, HENDERSON, FARABOW
    GARRETT & DUNNER, LLP**
gordon.wright@finnegan.com

*Attorneys for Plaintiffs Six Continents Hotels,
Inc. and Six Continents Limited*