IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **John Barrow**, | Case No. _____ |
| Plaintiff, | |
| vs. | |
| **Stacey Hydrick, James Balli,** and **Warren Selby,** in their official capacities as members of the Special Committee on Judicial Election Campaign Intervention of the Judicial Qualifications Commission, | **Verified Complaint** |
| Defendants. | |

## Nature of the Case

1.     This is a constitutional challenge to Georgia's Code of
Judicial Conduct in the context of a hotly contested race for a seat on
Georgia's Supreme Court.

2.     The plaintiff is John Barrow, a former member of Congress
from Georgia and a current candidate for Justice of the Supreme Court
of Georgia who has made reproductive rights the centerpiece of his

campaign. He alleges that certain parts of the Code, as applied to him by

Georgia's Judicial Qualifications Commission, violate Free Speech rights

guaranteed to him by the First and Fourteenth Amendments to the

United States Constitution. Barrow seeks declaratory and injunctive

relief prohibiting state officials from enforcing the Code in a manner

that violates his constitutional rights.

## Jurisdiction and Venue

3.     This Court has original jurisdiction of this action under 28

U.S.C. §§ 1331 and 1343(a)(3)-(4).

4.     Venue is proper in this Court under 28 U.S.C. §§ 90(a)(2)

and 1391(b).

## Parties

5.     Plaintiff John Barrow is a Georgia resident and registered

voter. He is an attorney and a member of the State Bar of Georgia. He is

a duly qualified candidate for Justice of the Supreme Court of Georgia.

6.     Defendants Stacey Hydrick, James Balli, and Warren Selby

are the members of the Special Committee on Judicial Election

Campaign Intervention of the Judicial Qualifications Commission, which

is the body responsible for dealing with alleged violations of the Code of

Judicial Conduct in campaigns for judicial office. They are sued in their official capacities only.

## Background

7.      Justices of the Supreme Court of Georgia are elected by popular vote to six-year terms in nonpartisan elections. Ga. Const., art. VI, § VII, ¶ I(a).

8.      Georgia's Judicial Qualifications Commission ("JQC"), operating through its Special Committee on Judicial Election Campaign Intervention ("Special Committee"), monitors judicial elections for compliance with Canon 4 of Georgia's Code of Judicial Conduct.

9.      Canon 4 of Georgia's Code of Judicial Conduct generally prohibits judges from engaging in "[p]olitical [a]ctivity [i]nappropriate [t]o [t]heir [j]udicial [o]ffice." Ga. Code Jud. Conduct Canon 4.

10.      Rule 4.2 of the Code of Judicial Conduct addresses "Campaign Conduct." Ga. Code Jud. Conduct R. 4.2.

11.      Rule 4.2(A)(2) of the Code of Judicial Conduct provides that judicial candidates "shall not make statements or promises that commit the candidate with respect to issues likely to come before the court that

are inconsistent with the impartial performance of the adjudicative duties of judicial office." Ga. Code Jud. Conduct R. 4.2(A)(2).

12.     Rule 4.2(A)(3) of the Code of Judicial Conduct provides that judicial candidates "shall not use or participate in the publication of a false statement of fact, or make any misleading statement concerning themselves or their candidacies, or concerning any opposing judicial candidate or candidacy, with knowledge of the statement's falsity or with reckless disregard for the statement's truth or falsity." Ga. Code Jud. Conduct R. 4.2(A)(3).

13.     JQC Rule 29 is the mechanism through which the JQC enforces Rule 4 during judicial elections.

14.     Rule 29 provides that in every year in which a general election is held, the Chair of the JQC shall name three JQC members to the Special Committee "whose responsibility shall be to deal expeditiously with allegations of ethical misconduct in campaigns for judicial office." Ga. R. Jud. Qual. Comm'n 29(A).

15.     During judicial election campaigns, the Director of the JQC forwards to the Special Committee all complaints received by the JQC

that facially indicate a violation of Canon 4 by a judicial candidate. *Id.* R. 29(B).

16.     If the Special Committee determines that further investigation is necessary, it requests a response from the subject of the complaint within three business days. *Id.*.

17.     If, after further investigation, the Special Committee determines that the allegations warrant speedy intervention, the Special Committee may issue a public statement setting out the violations believed to exist and/or refer the matter to a full investigative panel of the JQC for further action. *Id.*

18.     If the investigative panel of the JQC determines after a full investigation that violations of the Code exist, the panel can impose a variety of sanctions, including removal or suspension from office, censure, public reprimand, and "other appropriate disciplinary action." *Id.* R. 6(B); *see also id.* R. 17(D).

19.     Rule 8.2(b) of Georgia's Rules of Professional Conduct provides that "[a] lawyer who is a candidate for judicial office shall comply with the applicable provisions of the Code of Judicial Conduct." Ga. R. Pro. Conduct 8.2(b).

20.    The maximum penalty for a violation of Rule 8.2 is disbarment.

21.    On Wednesday, May 1, 2024, the Director of the JQC notified Barrow by letter that a complaint had been initiated against him for statements he made during the course of his campaign.

22.    A true and correct copy of the notice letter is attached hereto as Exhibit 1.

23.    The letter alleges that certain statements or comments made by Barrow during the course of his campaign violate Rules 4.2(A)(2) and (3) of the Code of Judicial Conduct.

24.    The letter also alleges violations of Rules 1.2(A), which provides that "[j]udges shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary," Ga. Code Jud. Conduct R. 1.2(A), and Rule 2.10(B), which provides that "[j]udges shall not, in connection with cases, controversies, or issues that are likely to come before the court, make promises or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office," Ga. Code Jud. Conduct R. 2.10(B).

6

25.    The letter alleges that the following statement appearing on Barrow's website, campaign announcement, and Facebook page violates Rules 1.2(A), 4.2(A)(2), and 4.2(A)(3):

> [I'm] running because we need Justices on the Georgia Supreme Court who will protect the right of women and their families to make the most personal family and healthcare decisions they'll ever make. Despite many fine qualities, it's obvious from his record that the incumbent, Justice Pinson, cannot be counted on to do that.

Ex. 1 at 1.

26.    The letter alleges that the following statement appearing on Barrow's campaign website and Facebook page violates Rules 1.2(A) and 4.2(A)(3): "[w]e can't expect Pinson to fight for our interests now that he's been appointed to the only court that can stop what he helped start." Ex. 1 at 2.

27.    The letter alleges that the following statement appearing in a campaign commercial for Barrow violates Rules 1.2(A), 2.10(B), 4.2(A)(2), and 4.2(A)(3):

> now I'm running for the Georgia Supreme Court to protect our personal freedoms, including the freedom of women to make their own medical decisions, like abortion, fertility, and birth control. Politicians shouldn't be making your private medical decisions. Remember to vote in the Supreme Court race and I'll protect your rights.

Ex. 1 at 2.

28.    The letter alleges that the following statement attributed to Barrow in the media violates Rules 1.2(A), 2.10(B), 4.2(A)(2), and 4.2(A)(3): "Georgians have a state constitutional right to abortion and [ ... ] voters would boost their chances of restoring broader access to abortion by doing something they've never done before: defeating an incumbent state justice." Ex. 1 at 2.

29.    The letter alleges that the following statement attributed to Barrow in the media violates Rules 1.2(A) and 4.2(A)(3):

> I happen to believe that the Georgia Constitution does provide a right of privacy, and that encompasses everything that we associate with what was the law under Roe v. Wade. And then it's probably wider[ ... ] that would mean the current statute, the current ban we're living with right now, violates that provision of the Constitution.

Ex. 1 at 3.

30.    The letter alleges that the following statement appearing on Barrow's Facebook page violates Rules 1.2(A), 4.2(A)(2), and 4.2(A)(3): "Vote John Barrow for Georgia Supreme Court to keep the rights of healthcare decisions in the hands of women and families!"

31.    And, finally, the letter alleges that the following statement appearing on Barrow's Facebook page violates Rules 1.2(A) and 4.2(A)(3): "Georgia cannot be the first state to lose a special election around reproductive rights! Vote for John Barrow for Georgia Supreme Court."

32.    In the letter, the Special Committee asks Barrow to respond to the allegations by Monday, May 6, 2024, at 5:00 p.m., and to "<u>immediately</u> bring all campaign-related materials, information, and advertisements into compliance with the Code and any applicable JQC formal advisory opinions." Ex. 1 at 4.

## Claim One

33.    Rules 1.2(A), 2.10(B), 4.2(A)(2), and 4.2(A)(3) of Georgia's Code of Judicial Conduct, as applied to Barrow by the Special Committee, violate rights guaranteed to the plaintiff by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

34.    A real and actual controversy exists between the parties.

35.    The plaintiff has no adequate remedy at law other than this action for declaratory and equitable relief.

36.    The plaintiff is suffering irreparable harm as a result of the violation complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiff respectfully prays that this Court:

(1) enter a declaratory judgment that Rules 1.2(A), 2.10(B), 4.2(A)(2), and 4.2(A)(3) of Georgia's Code of Judicial Conduct, as applied to Barrow by the Special Committee, violate rights guaranteed to the plaintiff by the First and Fourteenth Amendments to the United States Constitution;

(2) enjoin the defendants from enforcing Rules 1.2(A), 2.10(B), 4.2(A)(2), and 4.2(A)(3) of Georgia's Code of Judicial Conduct in a manner that violates the United States Constitution;

(3) award the plaintiff the costs of this action together with his reasonable attorneys' fees under 42 U.S.C. § 1988; and

(4) retain jurisdiction of this action and grant the plaintiff any

further relief which may in the discretion of the Court be

necessary and proper.

Respectfully submitted this 6th day of May, 2024.

**/s/ Lester Tate**
Samuel Lester Tate, III
Georgia Bar No. 698835
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780
lester@akin-tate.com

**/s/ Bryan Sells**
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

*Attorneys for the Plaintiff*

11

## Verification of Complaint

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury
that the allegations in the foregoing Verified Complaint are true and
correct to the best of my knowledge, information, and belief.

Executed this 6th day of May, 2024.

John Barrow