IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMBERLY HART, individually, and KIMBERLY HART, as next friend on behalf of X.H., a minor child,　　Plaintiffs, | : : : : : : : : : : : : | Civil Action File<br><br>No. _____ |
| v. | | |
| HILL & ASSOCIATES OF GEORGIA, INC.,　　Defendant. | | |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. Plaintiff Kimberly Hart ("Ms. Hart") brings this action to recover damages on her own behalf and on behalf of her minor child, X.H (collectively "Plaintiffs").

2. Damages in this action arise from the wrongful repossession of Ms. Hart's automobile which was occupied by X.H. at the time.

3. Plaintiffs assert that the Defendant violated the Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1692f(6)(A) and assert supplemental state law claims, including, but not limited to, violations of the Georgia Fair Business Practices Act ["GaFBPA"], O.C.G.A. §§ 10-1-390 et seq. and Georgia tort law.

## SUBJECT MATTER JURISDICTION

4. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337 (federal question jurisdiction).

5. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

6. This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiffs' state law claims as they are so related to Plaintiffs' federal question claim that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

7. Ms. Hart is a natural person who resides within the Northern District of Georgia and is authorized by law to bring this action.

8. X.H. is a natural person who resides within the Northern District of Georgia and is a minor represented in this action by his mother, Ms. Hart, who is authorized by law to bring this action on X.H.'s behalf.

9. Defendant HILL & ASSOCIATES OF GEORGIA, INC. ("HILL & ASSOC.") is a corporation organized under the laws of the State of Georgia with its principal office located at PO Box 4513, Marietta, Georgia, 30061-4513, USA.

10. HILL & ASSOC. is subject to the jurisdiction and venue of this Court.

11. HILL & ASSOC. may be served by personal service upon its registered agent, to wit: Eastham, Dana, 1100 South Cobb Drive, Marietta, Georgia 30060, or wherever she may be found.

12. Alternatively, HILL & ASSOC. may be served by personal service upon any of its authorized officers or agents at its principal place of business or wherever they may be found.

13. HILL & ASSOC. operates an automobile repossession business.

14. HILL & ASSOC. is in the business of repossessing vehicles from consumer debtors who allegedly owe past due debts.

15. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

16. HILL & ASSOC. operates a business that acts on behalf of creditors to repossess motor vehicles which are subject to a security interest.

17. The principal purpose of HILL & ASSOC.'s business is the enforcement of security interests.

18. The defendant maintains an online listing identifying itself as a "repoman" at [https://www.repoman.com/hill-associates-of-georgia-inc_3745](https://www.repoman.com/hill-associates-of-georgia-inc_3745) (last accessed June 26, 2024).

19. HILL & ASSOC. was attempting to enforce a security interest against a consumer on behalf of a creditor during the course of events described in this Complaint.

20. HILL & ASSOC. uses instrumentalities of interstate commerce in the operation of its business.

21. HILL & ASSOC. uses the mails in the course of operating its business.

22. HILL & ASSOC. uses interstate telephone and other electronic communications in the course of operating its business.

23. HILL & ASSOC. uses tow trucks and other equipment that have traveled in interstate commerce.

24. HILL & ASSOC. operates tow trucks on roads affecting interstate commerce (including upon the Dwight D. Eisenhower National System of Interstate and Defense Highways).

25. HILL & ASSOC. contracts with businesses in other states for the purpose of enforcing security interests in consumer goods.

26. HILL & ASSOC. is a debt collector within the meaning of the FDCPA.

27. Ms. Hart owned a Ford Escape automobile [hereinafter "MOTOR VEHICLE"].

28. At all times relevant to this action, Ms. Hart was the lawful owner and titleholder of said MOTOR VEHICLE.

29. Ms. Hart purchased the MOTOR VEHICLE to be used primarily for personal and household purposes.

30. The MOTOR VEHICLE was subject to a purchase money security interest.

31. At some time prior to June 30, 2023, the lender ordered the repossession of the MOTOR VEHICLE.

32. On June 30, 2023, Defendant engaged in an effort to enforce the security interest in the MOTOR VEHICLE by self-help, non-judicial repossession.

33. On June 30, 2023, the MOTOR VEHICLE was parked in the parking lot of a retail shopping center in Douglas County, Georgia.

34. While Ms. Hart went into a business establishment in the shopping center, X.H. stayed in the MOTOR VEHICLE accompanied by Ms. Hart's husband.

35. HILL & ASSOC. employees approached the MOTOR VEHICLE, which was occupied by X.H. and Ms. Hart's husband, and blocked the MOTOR VEHICLE in.

36. HILL & ASSOC. impacted the occupied MOTOR VEHICLE with the tow truck or equipment on the tow truck.

37. Ms. Hart's husband in the car immediately orally protested the repossession.

38. HILL & ASSOC. did not stop the efforts to repossess the MOTOR VEHICLE despite the oral protest.

39. HILL & ASSOC.'s employees responded to the oral protest with threatening and aggressive oral statements and physical posturing.

40. As a result of HILL & ASSOC. repossession efforts in the face of the oral protest, X.H. became very scared and ran crying into the retail business to his mother, Ms. Hart.

41. Ms. Hart came out of the retail business and made her own oral protest of the repossession.

42. HILL & ASSOC.'s employees swore loudly at Ms. Hart and made vulgar statements.

43. HILL & ASSOC.'s employees made false accusatory statements to Ms. Hart.

44. Defendant did not have a present right to possession of the MOTOR VEHICLE when it repossessed it because Georgia law forbids repossession in the presence of the property owner in circumstances that may give rise to a breach of the peace.

45. Defendant did not have a present right of possession of the MOTOR VEHICLE because Georgia law forbids repossession in the face of an oral protest.

46. The Georgia Court of Appeals has held that:

> We further agree with "most courts [which] find a breach of peace by any creditor who repossesses over the unequivocal oral protest of the defaulting debtor." [Cits.] "[I]f collateral, such as a car, is on the streets or in a parking lot, no breach of peace will occur if the secured party takes it without protest or out of the presence of the debtor." [Cits.] Likewise, if a third party such as a spouse, child or parent who reasonably could be expected by the repossessor to staunchly protect the property on behalf of the debtor protests the taking, then a breach of the peace may under the attendant circumstances be imminent. In such cases, self-help repossession should no longer be a lawful alternative for the secured party. [Cit.] . . . These results are compatible with public policy, as "public policy is clearly in favor of a rule that an oral protest is sufficient to foreclose non-judicial possession because it does not beckon the repossessing creditor to the brink of violence." [Cit.]

*Hopkins v. First Union Bank of Savannah*, 193 Ga.App. 109, 110-11 (1989) (emphasis added).

47. It was illegal under Georgia law for HILL & ASSOC. to attempt to repossess the MOTOR VEHICLE from Ms. Hart's presence and when Ms. Hart and her husband had made a clear oral protest.

48. HILL & ASSOC. ignored Ms. Hart's clear oral protest and forcibly took the MOTOR VEHICLE from Ms. Hart's possession in spite of her presence and protest.

49. Defendant did not have a present right of possession of the MOTOR VEHICLE at the time of the repossession.

50. Defendant knew, or should have known, at the time of the repossession that it did not have the present right of possession of the MOTOR VEHICLE.

51. In repossessing the MOTOR VEHICLE, Defendant violated the FDCPA, as well as the laws of the State of Georgia.

52. Defendant acted in reckless disregard for Ms. Hart's and X.H.'s rights and wellbeing and pursued the repossession in violation of the law.

53. The MOTOR VEHICLE was repossessed in Douglas County which is in the Atlanta Division of the Northern District of Georgia.

54. Throughout the entire process, from the initial impact upon the occupied MOTOR VEHICLE, and through the forceable taking of the MOTOR VEHICLE, defendant's actions reasonably caused Ms. Hart and X.H. to be shocked, frightened, and upset.

55. Plaintiff, Ms. Hart, was illegally deprived of the possession of the MOTOR VEHICLE.

56. Plaintiff is entitled to recover all monetary damages, as well as costs and attorney fees, allowed by law as determined by the enlightened conscience of a trier of fact at trial.

57. Plaintiff spent time trying to deal with the deprivation of the MOTOR VEHICLE.

58. Damages to Ms. Hart include, but are not limited to, the value of the MOTOR VEHICLE, the reasonable value of the loss of use of the MOTOR VEHICLE, and such other damages as may appear from the evidence.

59. Ms. Hart and X.H., have suffered and are entitled to recover general damages.

60. "General damages are those which the law presumes to flow from *any tortious act*; they may be recovered without proof of any amount." OCGA § 51–12–2(a) (emphasis added); *see also Zieve v. Hairston*, 266 Ga. App. 753, 759-760 (2)(c) (2004) ("General damages are those which the law presumes to flow from any tortious act[.] [Cit.] Wounding a man's feelings is as much actual damage as breaking his limbs.").

61. Ms. Hart's and X.H.'s general damages include, but are not limited to, emotional distress, annoyance, frustration, stress, worry, embarrassment, fear, and anxiety.

62. Further, Defendant's actions have caused Plaintiff, Ms. Hart, inconvenience and loss of time to deal with the consequences of the illegal repossession.

63. Defendant has committed an intentional tort which constitutes bad faith in the underlying transaction.

64. The acts and omissions of the Defendant constitute stubborn litigiousness and have caused Plaintiff unnecessary trouble and expense.

65. Defendant's actions showed willful misconduct, malice, fraud, wantonness, and oppression.

66. Defendant acted in conscious indifference to the consequences of their actions.

67. Defendant's actions show an entire want of care which would raise the presumption of conscious indifference to consequences.

68. Defendant has acted with reckless indifference to consequences and damages that the Plaintiffs would incur by its actions.

69. In the final alternative, the Defendant has acted negligently.

70. Defendant has acted negligently in hiring and retaining the employees involved in the repossession of Ms. Hart's MOTOR VEHICLE.

71. Some or all of the employees involved in this action have a history, including a criminal history, which should make HILL & ASSOC. aware that those employees could not be employed in the operation of a repossession business without posing a substantial threat of harm to members of the public like Ms. Hart and X.H.

72. All conditions precedent, if any, to the bringing of this action have occurred or been excused.

73. Specifically, to the extent required by law, Plaintiff gave ante-litem notice to Defendant more than 30 days prior to the filing of this action.

## CAUSES OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

74. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

75. "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

76. Defendant's violations of the Fair Debt Collection Practices Act include, but are not limited to, the following:

    Taking a nonjudicial action to effect dispossession of property when there was no present right to possession of the property claimed as collateral, in violation of 15 U.S.C. § 1692f(6)(A).

77. As a result of Defendant's actions, each Plaintiff is entitled to an award of statutory damages; actual damages (including compensatory, general, special, consequential); and an award of costs and attorneys' fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

78. Defendant's actions constitute violations of Georgia's Fair Business Practices Act, ["GaFBPA"], O.C.G.A. §§ 10-1-390 et seq., including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

79. Defendant's actions constitute a violation of 15 U.S.C. section 1692f(6) which is actionable pursuant to both the Federal Fair Debt Collection Practices Act and Georgia's Fair Business Practices Act.

80. "[A] violation of the FDCPA is clearly considered a violation of the Federal Trade Commission Act: 'a violation of [15 USCS §§ 1692 et seq.] shall be deemed an unfair or deceptive act or practice in violation of [the FTC] Act.' So, interpreting and construing the FBPA consistently with interpretations of the Federal Trade Commission Act, the trial court correctly ruled that Nationwide's violation of the FDCPA also constituted a violation of the FBPA." *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga.App. 457, 459 (2007) (footnote omitted).

81. The Defendant's violations of the FBPA were the result of intentional conduct, willful, and in reckless disregard for Ms. Hart's and X.H.'s rights and wellbeing.

82. As a result of the Defendant's actions, Ms. Hart and X.H. are entitled to an award of actual, compensatory, general, special, consequential, treble, and exemplary damages; costs; and a reasonable attorney's fee.

### COUNT THREE: WRONGFUL REPOSSESSION AND OTHER TORTS

83. The acts described above constitute violations of Georgia's tort law.

84. Defendant's actions described above constitute torts, including wrongful repossession, trespass to and/or conversion of the MOTOR VEHICLE and its contents, false imprisonment, and battery, in violation of the laws of the State of Georgia.

85. Accordingly, Plaintiffs are entitled to relief including, but not limited to, actual, compensatory, general, special, consequential, and nominal damages; costs; a reasonable attorney's fee; and an award of punitive damages to penalize and punish defendant and to deter defendant from repeating such actions again in the future.

### COUNT FOUR: NEGLIGENCE

86. Defendant's actions constitute negligence and negligent hiring in violation of the laws of Georgia.

87. Accordingly, Plaintiffs are entitled to relief including, but not limited to, actual, compensatory, general, special, consequential, and nominal damages; costs; a reasonable attorney's fee; and an award of punitive damages to penalize and punish defendant and to deter defendant from repeating such actions again in the future.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant and in favor of Plaintiffs, as follows:

1) That Plaintiff, individually and as next friend of X.H., be awarded statutory, actual, compensatory, general, special, nominal, treble, exemplary and punitive damages;

2) That Plaintiff, individually and as next friend of X.H., be awarded her costs and expenses of litigation, including a reasonable attorney's fee;

3) That the Court declare each and every defense raised by Defendant to be insufficient; and

4) That the Court grant such further and additional relief to Plaintiff as this Court deems just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

 /s/ *Kris Skaar*
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff R. Dorsen
Georgia Bar No. 14925
cdorsen@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

ATTORNEYS FOR PLAINTIFF