## COVENANT NOT TO EXECUTE
## AND ASSIGNMENT OF RIGHTS

This Covenant Not to Execute and Assignment of Rights ("Agreement") is made effective on March 19, 2024, by and between John Wedde and Courtney Wedde, as Wrongful Death Claimants and Parents of Elliott Mason Wedde, Deceased, and John Walter Ray Wedde, as Personal Representative of the Estate of Elliott Wedde (collectively, "Wedde Family") Nathan Thomas Sheets, Kenneth Glen Sheets and Angela Sheets (individually, by their given name, collectively "Sheets Family"); and State Farm Mutual Automobile Insurance Company ("State Farm"). Each is sometimes referred to as a "Party" and collectively as "Parties."

## RECITALS

WHEREAS, pending in State Court of Henry County, Georgia, is a case styled *John Wedde and Courtney Wedde, as Wrongful Death Claimants and Parents of Elliott Mason Wedde, Deceased, and John Walter Ray Wedde, as Personal Representative of the Estate of Elliott Wedde v. Nathan Thomas Sheets, Kenneth Glen Sheets and Angela Sheets*, Civil Action File STSV2022001656 ("Lawsuit"); and

WHEREA, the Lawsuit arises out of a tragic automobile accident that took place on March 26, 2022, and that resulted in the death of Elliot Mason Wedde; and

WHEREAS, to protect themselves from legal liability like that posed against them in the Lawsuit, Kenneth and Angela Sheets purchased from Central Mutual Insurance Company an automobile liability insurance policy, no. FMA 3627637, effective on March 26, 2022, with liability limits of $250,000 per person (the company is referred to as "Central Mutual" and the policy as the "Central Mutual Policy"); and

WHEREAS, to further protect themselves from legal liability like that posed in the Lawsuit, Nathan and Kenneth Sheets purchased from State Farm an automobile liability insurance policy, no. 11-32C4-55K, effective on March 26, 2022, with liability limits of $500,000 per person ("State Farm Policy"); and

WHEREAS, the Sheets Family timely paid all premiums for and complied with all terms and provisions of the Central Mutual Policy and the State Farm Policy; and

EXHIBIT
I

WHEREAS, the Sheets Family provided notice of the Lawsuit to Central Mutual and State Farm; and

WHEREAS, State Farm did the right thing and in compliance with its duties under the State Farm Policy, retained attorneys to defend the Lawsuit; and

WHEREAS, Central Mutual denied all coverage and refused to defend the Lawsuit; and

WHEREAS, the Wedde Family provided to Central Mutual opportunities to settle the Lawsuit in exchange for a release that would have protected Kenneth and Angela Sheets' personal assets from any judgment that might be entered in the Lawsuit; and

WHEREAS, because there is a substantial risk of a judgment in the Lawsuit vastly in excess of the State Farm limits, because Kenneth and Angela Sheets' personal assets are not protected by the release they would have received had Central Mutual accepted the Wedde Family's settlement offer, Kenneth and Angela Sheets are in a precarious state of doubt and fear; and

WHEREAS, the Sheets Family are saddened by the tragedy giving rise to the Lawsuit and greatly wish to avoid lengthy litigation requiring them to constantly remember and relive the tragedy; and

WHEREAS, Kenneth and Angela Sheets wish to protect their son, Nathan, from a large judgment; and

WHEREAS, State Farm wishes to pay its liability limits to the Wedde Family and stop incurring the expense of defending the Lawsuit; and

WHEREAS, the parties entered into arms-length settlement discussions to avoid the further costs and uncertainties of litigation and to each protect their own interests lawfully and in good faith.

NOW, THEREFORE, for and in consideration of the mutual covenants in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

**1.   RECITALS**

The recitals set forth above are true and correct and made a part of this Agreement.

## 2. WITHDRAWAL OF ANSWER

Promptly following the effective date of this Agreement, each member of the Sheets Family shall withdraw all answers in the Lawsuit and allow default judgment to be entered against them.

## 3. DETERMINATION OF DAMAGES

The Parties shall retain Judge Gino Brogdon, Sr., a neutral working for Henning Mediation and Arbitration Services, to perform a "neutral evaluation" pursuant to the procedures in place at Henning. The Parties shall provide relevant evidence to Judge Brogdon so that he may, based upon such evidence, his experience and training, decide upon a reasonable valuation of the amount of damages to be awarded to the Wedde Family in the Lawsuit with respect to the claims against Kenneth and Angela Sheets only and not the claims against Nathan. This process is agreed to by the Parties so that it is expressly clear that the amount of the Judgment to be entered is reasonable and the product of a neutral evaluation and not the product of any collusion between the Parties. The Sheets Family suggested that Judge Brogdon undertake this role, but if he is unable to perform the role, the parties shall diligently and in good faith agree to an alternative neutral.

The Wedde Family and the Sheets Family shall equally bear the fees and expenses incurred for the neutral evaluation.

The Parties shall use good faith and diligence to see that the neutral evaluation is promptly initiated and efficiently concluded.

## 4. JUDGMENT

Following the determination of damages by the neutral, such amount shall be made a judgment of the court in the Lawsuit ("Judgment"). The Judgment shall be entered against Kenneth and Angela Sheets only and not Nathan.

## 5. PAYMENT BY STATE FARM

Within 15 calendar days of entry of the Judgment, State Farm shall pay $500,000 to the Wedde Family as directed by their attorneys. Upon such payment, State Farm shall be released from any and all liability to the Wedde Family or the Sheets

Family for any claim or cause of action related to the State Farm Policy, including, but not limited to the duty to defend or the duty to indemnify, or that was raised or that could have been raised in the Lawsuit. The Parties acknowledge and agree that such payment by State Farm shall be compensation for the claims against Nathan only. The Parties agree to enter into such releases as are reasonably necessary to protect the right to recover any uninsured/underinsured motorist benefits to which the Wedde Family is entitled. Upon such payment by State Farm and recovery of any uninsured/underinsured motorist benefits, the claims against Nathan in the Lawsuit shall be dismissed with prejudice.

### 6.   ASSIGNMENT OF RIGHTS.

Kenneth and Angela Sheets hereby assign to each member of the Wedde Family all rights and benefits under the Central Mutual Policy and all of their causes of action, whether in tort or contract, whether existing now or in the future, against Central Mutual to the same extent as if the Wedde Family were insureds under the Central Mutual Policy, it being the express intent and agreement of the Parties that the Wedde Family shall limit their recovery to whatever they may recover under the Central Mutual Policy and from Central Mutual, whether as an assignee or as a judgment creditor. The assignment includes, but is not limited to, claims for breach of the duty to defend, breach of the duty to indemnify, negligent or bad-faith failure to settle, breach of fiduciary duty, estoppel and waiver.

### 7.   COVENANT NOT TO EXECUTE

Each member of the Wedde Family agrees not to attempt to collect, to collect, attempt to execute, or execute the Judgment or conduct post-judgment discovery against any member of the Sheets Family. The Wedde Family understands and agrees that recovery for any of their claims in the Lawsuit will be from the payment contemplated herein and the claims assigned herein.

### 8.   COOPERATION

The Sheets Family shall reasonably cooperate with the Wedde Family in the prosecution of any claims assigned in this Agreement, by: (1) appearing at deposition and the trial of any subsequent or additional actions involving or arising from the Lawsuit and/or the Central Mutual Policy; (2) producing, providing access to, and/or executing any necessary authorizations or verifications related to or necessary to receive, documents or information that relate to the Central Mutual Policy or the subject matter of the Lawsuit which are discoverable under any of the

methods of discovery provided by the Georgia Civil Practice Act or the Federal Rules of Civil Procedure.

## 9. GOVERNING LAW AND ENFORCEMENT.

This Agreement shall be interpreted, enforced and governed under the laws of the State of Georgia.

## 10. BINDING EFFECT

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, representatives, transferees and assigns.

## 11. JOINT DRAFTSMANSHIP

This Agreement is the product of the joint draftsmanship and arms-length negotiations of the parties, and their lawyers, so that no inference shall be had or made against any party as to the interpretation of this Agreement.

## 12. NO PREVIOUS ASSIGNMENT OF CLAIMS.

Each of the Parties represents and warrants that such party (i) has not heretofore assigned or transferred to any person not a party to this Agreement any claim being assigned by this Agreement, or any part or portion thereof, and (ii) shall defend, indemnify, and hold harmless the other Parties to this Agreement from and against any claims based on or in connection with arising out of any assignment or transfer in breach of the representations and warranties set forth in this section.

## 13. ENTIRE AGREEMENT AND MODIFICATION

This Agreement is the complete and exclusive statement of the entire agreement and understanding among all of the Parties with respect to the subject matter hereof. No representations, oral or otherwise, express or implied, other than those specifically set forth in this Agreement have been made by any party regarding the subject matter of this Agreement. This Agreement supersedes any and all prior understandings, agreements or discussions between the Parties. This Agreement shall not be waived, terminated, amended or modified in any manner except as provided herein, or in a writing signed by the party against whom such waiver, termination, amendment or modification is sought to be enforced.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year first above written.

_/s/ John Wedde_____
John Wedde

_/s/ Courtney Wedde_____
Courtney Wedde

_/s/ John Walter Ray Wedde____
John Walter Ray Wedde,
as Personal Representative
of the Estate of Elliott Wedde

_____
Nathan Thomas Sheets

_____
Kenneth Glen Sheets

_____
Angela Sheets

_____
State Farm Mutual Automobile
Insurance Company

By_____
    (print name)

Its_____
    (title)

Page 6 of 6

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year first above written.

_____
John Wedde

_____
Courtney Wedde

_____
John Walter Ray Wedde,
as Personal Representative
of the Estate of Elliott Wedde

_____
Nathan Thomas Sheets

_____
Kenneth Glen Sheets

*/s/ Angela Sheets*
Angela Sheets (Mar 21, 2024 11:14 EDT)
_____
Angela Sheets

_____
State Farm Mutual Automobile
Insurance Company

By_____
    (print name)

Its_____
    (title)

Page 6 of 6

# Agreement.Wedde.Sheets.State Farm
Final Audit Report 2024-03-21

| | |
|---|---|
| Created: | 2024-03-21 |
| By: | Abby G (abby@hungelinglaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAYQyJ8IAsqIcNpA3b8GrzHERYvo2VYtuQ |

## "Agreement.Wedde.Sheets.State Farm" History

- Document created by Abby G (abby@hungelinglaw.com)
  2024-03-21 - 3:13:30 PM GMT

- Document emailed to Angela Sheets (angelas3@charter.net) for signature
  2024-03-21 - 3:13:34 PM GMT

- Email viewed by Angela Sheets (angelas3@charter.net)
  2024-03-21 - 3:13:51 PM GMT

- Document e-signed by Angela Sheets (angelas3@charter.net)
  Signature Date: 2024-03-21 - 3:14:38 PM GMT - Time Source: server

- Agreement completed.
  2024-03-21 - 3:14:38 PM GMT

Adobe Acrobat Sign

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year first above written.

_____
John Wedde

_____
Courtney Wedde

_____
John Walter Ray Wedde,
as Personal Representative
of the Estate of Elliott Wedde

*Nathan Sheets (Mar 21, 2024 11:15 EDT)*
_____
Nathan Thomas Sheets

_____
Kenneth Glen Sheets

_____
Angela Sheets

_____
State Farm Mutual Automobile
Insurance Company

By_____
        (print name)

Its_____
        (title)

# Agreement.Wedde.Sheets.State Farm

Final Audit Report					2024-03-21

| | |
|---|---|
| Created: | 2024-03-21 |
| By: | Abby G (abby@hungelinglaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA5vhI7YmwbUfid6pQb6St8D011d9waBTy |

## "Agreement.Wedde.Sheets.State Farm" History

- Document created by Abby G (abby@hungelinglaw.com)
  2024-03-21 - 3:14:54 PM GMT

- Document emailed to Nathan Sheets (zvb446@mocs.utc.edu) for signature
  2024-03-21 - 3:14:58 PM GMT

- Email viewed by Nathan Sheets (zvb446@mocs.utc.edu)
  2024-03-21 - 3:15:24 PM GMT

- Document e-signed by Nathan Sheets (zvb446@mocs.utc.edu)
  Signature Date: 2024-03-21 - 3:15:46 PM GMT - Time Source: server

- Agreement completed.
  2024-03-21 - 3:15:46 PM GMT

Adobe Acrobat Sign

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year first above written.

_____
John Wedde

_____
Courtney Wedde

_____
John Walter Ray Wedde,
as Personal Representative
of the Estate of Elliott Wedde

_____
Nathan Thomas Sheets

_____
Kenny Sheets (Mar 21, 2024 11:43 EDT)
Kenneth Glen Sheets

_____
Angela Sheets

_____
State Farm Mutual Automobile
Insurance Company

By_____
     (print name)

Its_____
     (title)

Page 6 of 6

# Agreement.Wedde.Sheets.State Farm

Final Audit Report                                                                 2024-03-21

| | |
|---|---|
| Created: | 2024-03-21 |
| By: | Abby G (abby@hungelinglaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIMSWFzId6jEAcD8LLPc3g945atRI3Kw2 |

## "Agreement.Wedde.Sheets.State Farm" History

- Document created by Abby G (abby@hungelinglaw.com)
  2024-03-21 - 3:16:10 PM GMT

- Document emailed to Kenny Sheets (kenny@sheetsconstruction.com) for signature
  2024-03-21 - 3:16:14 PM GMT

- Email viewed by Kenny Sheets (kenny@sheetsconstruction.com)
  2024-03-21 - 3:43:03 PM GMT

- Document e-signed by Kenny Sheets (kenny@sheetsconstruction.com)
  Signature Date: 2024-03-21 - 3:43:43 PM GMT - Time Source: server

- Agreement completed.
  2024-03-21 - 3:43:43 PM GMT

Adobe Acrobat Sign

understandings, agreements or discussions between the Parties. This Agreement shall not be waived, terminated, amended or modified in any manner except as provided herein, or in a writing signed by the party against whom such waiver, termination, amendment or modification is sought to be enforced.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year first above written.

_____
John Wedde

_____
Courtney Wedde

_____
John Walter Ray Wedde,
as Personal Representative
of the Estate of Elliott Wedde

_____
Nathan Thomas Sheets

_____
Kenneth Glen Sheets

*/s/ Ashley L. Yagla*
_____
Ashley L. Yagla, Esq. o/b/o
State Farm Mutual Automobile
Insurance Company

_____
Angela Sheets